# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

WILLIE V. CRUZ,

    Petitioner,

v.                                                          Case No.  3:20-cv-5271-MCR-MJF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

    Petitioner Willie Cruz has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, with a supporting memorandum. (Doc. 1). Respondent ("the State") moves to dismiss the petition as untimely. (Doc. 6). Cruz opposes the motion. (Doc. 10). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Cruz's petition should be dismissed as untimely.[1]

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background and Procedural History

On November 20, 2015, Cruz pleaded *nolo contendere* to one count of Sexual Battery with Slight Force, in Santa Rosa County Circuit Court Case No. 2015-CF-447. (Doc. 6, Ex. A at 61, 93-97).[2] On December 20, 2016, Cruz was adjudicated guilty and sentenced to 5 years of imprisonment followed by 10 years of sex offender probation. (Ex. A at 126-30 (judgment and sentence), 135-39 (corrected order of sex offender probation)).[3] Cruz did not appeal the judgment. (Doc. 1 at 2).

On October 19, 2017, Cruz filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. A at 145-79). On November 9, 2017, the state circuit court dismissed the motion for failure to comply with the certification requirement of Florida Rule 3.850(n)(2). (Ex. A at 184-85). The dismissal was "without prejudice to allow Defendant to file a timely and facially sufficient ***amended*** motion pursuant to Florida Rule of Criminal Procedure 3.850 **within 60 days of the date indicated on the certificate of service attached to this**

---

[2] Citations to the state court record are to the electronically-filed exhibits attached to the State's motion to dismiss. (Doc. 6). When a page of an exhibits bears more than one page number, the court cites the number appearing at the bottom left corner of the page.

[3] Sentencing was deferred until resolution of pending charges of sexual battery by Cruz of the same victim in Escambia County Circuit Court Case No. 2015-CF-3561. (Ex. A at 61, 93, Ex. F at 4 (sentencing transcript)).

**order**." (*Id*.) (emphasis in original). The date indicated on the certificate of service was November 9, 2017. (*Id*. at 185).

On December 27, 2017, Cruz file a *pro se* petition for writ of mandamus in the Florida First District Court of Appeal ("First DCA"), seeking to compel the Clerk of the Santa Rosa County Circuit Court "to produce cost for plea colloquy and sentencing hearing from December 20, 2016." (Ex. A at 188-203). The First DCA transferred the mandamus petition to the state circuit court, (Ex. A at 227), which ordered the Clerk of the Circuit Court to show cause and to transcribe "the plea colloquy and sentencing hearing dated December 20, 2016." (*Id*. at 228-30). On April 24, 2018, the Clerk of the Circuit Court responded, informing the court that the requested proceeding had been transcribed and provided to Cruz. (*Id*. at 231-32). On May 10, 2018, the state circuit court denied Cruz's mandamus petition as moot. (*Id*. at 238-43).

On May 8, 2018, Cruz filed a *pro se* amended Rule 3.850 motion. (Ex. A at 244-76). On June 26, 2018, the state circuit court determined that the amended motion was untimely because it was filed 4 months after the prescribed time, and denied the motion with prejudice under Florida Rule of Criminal Procedure 3.850(f)(2). (*Id*. at 277-82). Cruz appealed, arguing that he did not receive a copy of the circuit court's November 9, 2017, order, until April 24, 2018, when he received

the clerk's response to his mandamus petition. (Ex. B). The First DCA affirmed the denial of postconviction relief *per curiam* and without written opinion. *Cruz v. State*, 278 So. 3d 21 (Fla. 1st DCA 2019) (Table) (copy at Ex. D). The mandate issued October 3, 2019. (Ex. D).

On November 5, 2019, Cruz filed a *pro se* pleading in the First DCA titled "Petition for Belated Appeal Pursuant to Fla. R. App. P. 9.141(c)." (Ex. G). Cruz's petition sought "belated discretionary review granting a belated process" in his Rule 3.850 proceeding. (*Id.*). Cruz argued that he was denied due process in his Rule 3.850 proceeding because he did not timely receive a copy of the state circuit court's November 9, 2017, order. (*Id.*). On December 18, 2019, the First DCA denied the petition *per curiam* and without written opinion. *Cruz v. State*, 289 So. 3d 871 (Fla. 1st DCA 2019) (Table) (copy at Ex. H). Cruz's motion for rehearing was denied on February 4, 2020. (Ex. I).

Cruz filed his *pro se* federal habeas petition on March 31, 2020. (Doc. 1 at 21). The State asserts that the petition is time barred. (Doc. 6).

## II.  Discussion

**A.  <u>The Statute of Limitations Bars Cruz's Petition</u>**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Cruz's § 2254 petition, because the petition was filed after the AEDPA's

effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Cruz does not assert that a State-created impediment to his filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have

been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Cruz's judgment became final. *See* 28 U.S.C. § 2244(d)(1). The parties agree that the limitations period is governed by § 2254(d)(1)(A). (Doc. 6 at 3; Doc. 10 at 2).

Cruz did not pursue direct review of his December 20, 2016, judgment; accordingly, his judgment became final for purposes of § 2244(d)(1)(A), at the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.").

Cruz's time for pursuing direct review in state court expired on January 19, 2017, which is 30 days after entry of the judgment. *See* Fla. R. App. P. 9.110(b); Fla. R. App. P. 9.140(b)(3) (providing that an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that criminal defendant who pleaded no contest had 30 days from the date of his

judgment to file an appeal from the conviction, and that his judgment became final under Florida law when that period expired without the filing of a notice of appeal (citing Fla. R. App. P. 9.140(b)). The parties agree that Cruz's judgment became final on January 19, 2017. (Doc. 6 at 3; Doc. 10 at 2).

The federal habeas limitations period under § 2244(d) began to run one day later, on January 20, 2017, and expired one year later, on January 20, 2018, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

None of Cruz's state-court filings tolled the limitations period. Cruz's initial Rule 3.850 motion was filed on October 19, 2017, but because it did not comply with Florida's certification requirement under Rule 3.850(n), it was not "properly filed" for purposes of statutory tolling under § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

The Eleventh Circuit has held that a Rule 3.850 motion that is dismissed by the state court for failure to comply with Rule 3.850's verification requirement is not "properly filed" for purposes of § 2244(d)(2), and does not toll the limitations period. *See Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 987-88 (11th Cir. 2019) (holding that state prisoner's initial Rule 3.850 motion, which was dismissed without prejudice because it lacked the Rule 3.850(n)(2) certification, was not "properly filed" for purposes of § 2244(d)(2)); *see also Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1248 (11th Cir. 2017) (holding that state prisoner's initial Rule 3.850 motion, which was denied without prejudice because it failed to comply with the oath requirement under Rule 3.850(c), was not "properly filed" for purposes of § 2244(d)(2)); *Hurley v. Moore*, 233 F.3d 1295 (11th Cir. 2000) (same); *Downing v. Florida*, No. 3:16-cv-611-LC/CAS, 2017 WL 4982118 (N.D. Fla. Sept. 20, 2017) (concluding that state prisoner's Rule 3.850 motion, which was dismissed for failure to meet the certification requirement of Rule 3.850(n)(2), was not "properly filed" under § 2244(d)(2), and did not toll the limitations period), *Report and Recommendation adopted*, 2017 WL 4969341 (N.D. Fla. Nov. 1, 2017).

Cruz's state mandamus petition filed on December 27, 2017, did not toll the AEDPA limitations period, because it was not a tolling-eligible application under § 2244(d)(2). The Supreme Court has interpreted the phrase "collateral review" used

in § 2244(d)(2), as meaning "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). Cruz's mandamus petition was not a request for judicial review of Cruz's criminal judgment and did not provide the state court with authority to order relief from that judgment. Instead, the mandamus petition sought an order directing the clerk of the circuit court to provide Cruz with a copy of his plea and sentencing transcript. Cruz's mandamus petition is not an application for "collateral review" within the meaning of § 2244(d)(2), and did not toll the limitations period. *See Wall*, 562 U.S. at 556 n.4 (distinguishing a motion to reduce sentence from "a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment."); *see also Brown v. Sec'y for Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008) (holding that a postconviction motion for DNA testing is not an application for collateral review within the meaning of § 2244(d)(2)); *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002) (concluding that because a mandamus petition does not seek review of a criminal judgment, it does not toll time under § 2244(d)(2)). The parties agree that Cruz's mandamus petition did not statutorily toll the limitations period. (Doc. 6 at 5-6; Doc. 10 at 4).

Cruz's amended Rule 3.850 motion filed on May 8, 2018, did not toll the AEDPA limitations period, because it was filed *after* the limitations period expired on January 20, 2018. "[W]here a state prisoner attempts to file post-conviction motions in state court after the AEDPA limitations period had expired, those attempted filings cannot toll the limitations period because 'once a deadline has expired, there is nothing left to toll.'" *Jones v. Sec'y, Fla. Dep't of Corr.*, 499 F. App'x 945, 951 (11th Cir. 2012) (citing *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Hurley*, 233 F.3d at 1298 (holding that prisoner's amended, corrected Rule 3.850 motion that was filed after the limitations period expired, had no tolling effect); *Price v. Sec'y Dep't of Corr.*, 489 F. App'x 354 (11th Cir. 2012) (same).

Cruz cannot rely on Florida's "relation back" doctrine to argue that his amended Rule 3.850—which was not filed within the state court's prescribed time for amendment—"related back" to the date of his initial, deficient Rule 3.850 motion. A federal habeas petitioner "may not attempt to resurrect a terminated statute of limitations by subsequently filing documents that purport to 'relate back' to previously submitted documents that were, in themselves, insufficient to toll the

statute." *Sibley* at 1204; *Jones*, 499 F. App'x at 950-52 (holding that prisoner's amended postconviction motion could not resurrect the expired AEDPA limitations period by purporting to relate back to previously-filed motions); *see also* Fla. R. Crim. P. 3.850(f)(2) ("[I]f the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice.").

The foregoing two circumstances—the fact that Cruz's amended Rule 3.850 motion was filed *after* the AEDPA limitations period expired, and the fact that the amended motion was filed *after* the state court's prescribed time for amendment expired—are significant. They distinguish this case from those where the Eleventh Circuit has held that an amended Rule 3.850 motion filed *before* the limitations period expired and *within* the state court's prescribed time for amendment (1) tolled the limitations period, (2) related back to the date of the initial deficient motion, and (3) rendered the Rule 3.850 proceeding "pending" from the earlier date. *See Hall*, 921 F.3d at 988-90 (holding that prisoner's amended, compliant Rule 3.850 motion, which was filed *before* the AEDPA limitations period expired and *within* the state court's prescribed time for amendment, tolled the limitations period and "related back" to the date of filing of the initial, noncompliant Rule 3.850 motion); *Green*,

877 F.3d at 1247-49 (same); *Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1328 (11th Cir. 2020) (same).

Cruz had one remaining state-court filing—his petition for belated postconviction appeal filed on November 5, 2019. That petition did not toll the limitations period, because it was filed after the limitations period expired on January 20, 2018. *Webster*, 199 F.3d at 1259. In addition, it did not qualify as a "collateral review" application under § 2244(d)(2). *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1141 (11th Cir. 2015) (holding that a petition for a belated postconviction appeal "is not an application for collateral review within the meaning of section 2244(d).").

In sum, the federal habeas limitations period was not statutorily tolled by any of Cruz's state-court filings. Cruz's limitations period began to run on January 20, 2017, and ran un-tolled for 1 year until it expired on January 20, 2018. Cruz's habeas petition, filed on March 31, 2020, is untimely.

**B.** **Cruz Has Not Demonstrated Entitlement to Equitable Tolling**

Cruz argues that he is entitled to equitable tolling for the 167-day period from November 9, 2017, to April 24, 2018. (Doc. 10 at 4). Cruz explains that November 9, 2017, is the date the Rule 3.850 court dismissed his initial Rule 3.850 motion and set his amendment deadline, but that he did not receive a copy of that order until

April 24, 2018, when the clerk of court responded to his mandamus petition. Cruz asserts that if this court subtracts those 167 days from the total number of days his limitations period ran, his petition would be timely. (Doc. 10 at 5).

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268 (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *id.* at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267.

Even if this court equitably tolled the limitations period for 167 days, Cruz's petition still is untimely. The limitations period ran for *over 3 years* from the date

Cruz's conviction became final on January 19, 2017, until he filed his § 2254 petition on March 31, 2020.

In fact, even taking the more generous approach of equitably tolling the *entire time* from the filing of Cruz's initial Rule 3.850 motion on October 19, 2017, until the First DCA issued its mandate in Cruz's postconviction appeal on October 3, 2019, his § 2254 petition is untimely. Cruz allowed 272 days of the limitations period to run before filing his initial Rule 3.850 motion on October 19, 2017. Giving Cruz the benefit (hypothetically) of tolling the limitations period from October 19, 2017, through October 3, 2019, that would leave him with 93 days to file his § 2254 petition. Cruz, however, waited 179 days from October 3, 2019, before filing his § 2254 petition on March 31, 2020.[4]

Cruz's federal habeas petition is time barred and should be dismissed.

### III.   A Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

---

[4] Again, neither Cruz's state mandamus petition, nor his petition for a belated postconviction appeal, was a tolling-eligible application under § 2244(d)(2).

required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 6) be **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Willie V. Cruz*, Santa Rosa County Circuit Court Case No. 2015-CF-447, be **DISMISSED WITH PREJUDICE** as time barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this 5th day of October, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**